## S. M. BALLOU *v.* HAWAIIAN TRAMWAYS COMPANY.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED JULY 1, 1896.　　　　　　DECIDED JULY 22, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Where a "demand" or "charge" is made for fare in excess of that allowed by law to be demanded or charged, it is not necessary to prove that the excessive fare was actually paid, in order to recover a penalty provided by statute to be forfeited by a street railway in case it should "demand or charge" such excessive fare.

Held, that the evidence supported the judgment.

OPINION OF THE COURT BY WHITING, J.

The plaintiff brought his action against defendant to recover a penalty under Sec. 9, Chap. 34, Session Laws 1884, under which act the defendant holds its franchise.

Sec. 9 is as follows:

"If said railroad or any agent or employe thereof shall demand or charge a greater sum of money for fare on the cars of such railroad than that fixed by this bill, said railroad or such agent or such employe shall forfeit to the person who is thus overcharged the sum of one hundred dollars to be recovered in a civil action in any court having jurisdiction thereof."

The plaintiff was a passenger on one of the cars of defendant on a continuous trip from the terminus of tramway on Nuuanu avenue in Honolulu, to Punahou street for which defendant was entitled to demand and charge a fare of five cents.

The point raised by the defendant is that "the plaintiff has failed to prove that he was charged or paid more than the fare of five cents for himself and that the evidence given at the trial did not support the judgment."

It was strongly urged by counsel that excessive fare must have been paid by plaintiff and not merely that plaintiff was charged an excessive fare; and also that even if it should be necessary only to prove that plaintiff was "charged" an excessive fare, the evidence did not warrant such a finding.

The words used in the statute are "demand or charge."

In *Reese v. Penn. R. Co.*, 131 Pa. St. 435, the court held: "'Charge' is a word of very general and varied use. Webster gives it thirteen different meanings, none of which, however, express the exact sense in which it is used in this charter. The great dictionary of the Philological Society, now in course of publication, gives it twenty separate principal definitions, besides a nearly equal number of subordinate variations of meaning. Of these definitions one (10 b.) is: 'The price required or demanded for services rendered, or (less usually) for goods supplied,' and this expresses accurately the sense of the word in the present case. The essence of the meaning is that it is something required, exacted or taken from the traveler as compensation for the service rendered. The purpose of the restriction in the charter is the regulation of the amount of fares, not the mode of collection, the protection of the traveler from excessive demands, not interference with the time, place or mode of payment."

The plaintiff testified: "I boarded the car on Nuuanu avenue and asked the driver 'what is the fare to Punahou?' He said '20 cents, you know' (plaintiff stated in explanation that his wife was with him). I then said to him that there had been a lawsuit about this or words to that effect. He replied 'No, no, 10 cents.' I then said 'what are your orders, if I do not pay that fare?' We rode in that car down Nuuanu avenue to Beretania street, up Beretania to Punahou street, we got off where we stopped at the college; the driver came into the car

again and changed his cash box, and I asked him 'what is your name?' He said 'Antone.' 'Antone what?' 'Antone Souza.' He said, 'what for you want to know?' 'I want to know whether I have to pay ten cents apiece to come out here.' He said, 'sure, sure.' 'You go back you will have to pay ten cents.'"

It is not necessary that plaintiff should have actually paid his fare—as the statute is express in its use of the words "demand or charge"—and we are of opinion that there is sufficient evidence to warrant the finding of the magistrate that the plaintiff was charged an excessive fare (that is a greater sum of money for fare than that fixed by the statute), by the servant of defendant within the meaning of the statute.

The judgment appealed from is affirmed.

*S. M. Ballou* in person, *L. A. Dickey*, with him.

*P. Neumann* and *G. A. Davis*, for defendant.